1  DANIEL J. MULLER, SBN 193396
   dmuller@venturahersey.com
2  CHRISTOPHER J. HERSEY, SBN 197767
   chersey@venturahersey.com
3  VENTURA HERSEY & MULLER LLP
   1506 Hamilton Avenue
4  San Jose, California 95125
   Telephone: (408) 512-3022
5  Facsimile: (408) 512-3023

6  JONATHAN SACK (admitted *Pro Hac Vice*)
   jsack@sackandsack.com
7  SACK & SACK
   70 East 55th Street, 10th Floor
8  New York, NY 10022
   Telephone: (202) 702-9000
9
   Attorneys for Plaintiff Louis Beryl
10
   DONALD P. SULLIVAN, SBN 191080
11 Donald.Sullivan@jacksonlewis.com
   HARDEV S. CHHOKAR, SBN 311802
12 Hardev.Chhokar@jacksonlewis.com
   JACKSON LEWIS P.C.
13 50 California Street, 9th Floor
   San Francisco, California 94111-4615
14 Telephone (415) 394-9400
   Facsimile: (415) 394.9401
15
   Attorneys for Defendants Navient Corporation;
16 Navient Solutions, LLC; Earnest, LLC; and The
   Navient Corporation Executive Severance Plan for Senior
17 Officers

18                UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20

21 | LOUIS BERYL,                                    | Case No.: 3:20-cv-05920-LB
22 |            Plaintiff,                           | JOINT SUBMISSION REGARDING
   |                                                 | TRIAL OF ERISA CLAIMS
23 |      vs.                                        |
24 | NAVIENT CORPORATION, NAVIENT                    | Hon. Laurel Beeler
   | SOLUTIONS, LLC, EARNEST, LLC, and the           |
25 | NAVIENT CORPORATION EXECUTIVE                   |
   | SEVERANCE PLAN FOR SENIOR                       |
26 | OFFICERS EFFECTIVE MAY 1, 2014                  |
27 |            Defendants.                          |
28

-1-
**JOINT SUBMISSION REGARDING TRIAL OF ERISA CLAIMS**

Plaintiff Louis Beryl and Defendants Navient Corporation, Navient Solutions, LLC, Earnest, LLC, and The Navient Corporation Executive Severance Plan for Senior Officers (collectively "Defendants") submit this Joint Submission Regarding Trial of the ERISA claims asserted by Mr. Beryl:

## I.    Standard of Review

The Parties stipulate that the standard of review applicable to Plaintiff Beryl's claim for the payment of benefits under ERISA section 502(a)(1)(B) is to be *de novo*. The Parties differ, however, on the impact of this stipulation on the admissibility of certain proposed trial exhibits.

### A.    Plaintiff's Positions

Mr. Beryl understands that Defendants intend to argue that certain trial exhibits are no longer relevant because Defendants have stipulated to the *de novo* standard of review for the ERISA claims. Mr. Beryl disagrees. The exhibits in question show Mr. Beryl's efforts to obtain his severance benefits (both pursuant to his offer letter and the ERISA plan) and to obtain an explanation from Defendants as to why they asserted that they had cause to terminate his employment. They also show Defendants' explanation for why they believed that they had cause to terminate Mr. Beryl and Defendants' non-responsiveness to Mr. Beryl's assertion of his contractual rights. These facts are relevant to claims that will be tried to the jury and, as such, should be admitted.

### B.    Defendants' Position

It is Defendants' position that because the Parties are stipulating to a *de novo* standard of review on the question of whether Mr. Beryl is entitled to benefits under the terms of the Navient Corporation Executive Severance Plan for Senior Officers, the documents related to the denial of his claim and his subsequent appeal of that denial are irrelevant, unfairly prejudicial, unnecessarily cumulative, and a waste of the Court's and the Jury's time. Proposed exhibits 19 through 22, as well as 34, should, therefore be excluded pursuant to Federal Rules of Evidence 401 and 403. Defendants intend to file a Motion in Limine on this issue for the Court's consideration.

/ / /

/ / /

## II. Findings of Fact

The Court has asked the Parties to brief the Court on whether the Jury's factual determinations are binding on the Court when it is considering Plaintiff Beryl's claim for the payment of benefits under ERISA section 502(a)(1)(B). Based on the Ninth Circuit's holding in *Teutscher v. Woodson*, 835 F. 3d 936 (9th Cir. 2016), the Parties are in agreement that, with respect to common issues of fact, the Court is bound by the factual findings of the Jury.

Dated: October 20, 2022  VENTURA HERSEY & MULLER LLP

By:  /S/ Daniel J. Muller
DANIEL J. MULLER
Attorneys for Plaintiff Louis Beryl

Dated: October 20, 2022  JACKSON LEWIS P.C.

By:  /S/ Donald P. Sullivan
DONALD P. SULLIVAN
Attorneys for Defendants

4876-2479-8522, v. 1